Jason M. Drangel (JMD 7204)

Robert L. Epstein (RE8941)

William C. Wright (WCW 2213)

EPSTEIN DRANGEL BAZERMAN & JAMES, LLP

Attorneys for Plaintiffs

60 East 42nd Street, Suite 820

New York, NY 10165

Tel: 212-292-5390

Fax: 212-292-5391

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 0 2 2010 ★

BROOKLYN OFFICE

# VITALIANO, J.

## J. ORENSTEIN, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X
                                 :

CJ Products LLC and Ontel Products  :
Corporation                             :

Plaintiffs                             :

                    v.                    :

SVG Global Inc. and Ferruh Lermi    :

Defendants                        :

-------------------------------------------------X

# 10   3533

**COMPLAINT**
Civ Action No.

**JURY TRIAL REQUESTED**

Plaintiffs, CJ Products LLC, a California limited liability company and Ontel Products Corporation, a New Jersey corporation, by and through their undersigned counsel, allege as follows:

## NATURE OF THE ACTION

1.    This action arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq.; for false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and for related common law claims. Plaintiffs seek injunctive relief, an accounting, compensatory damages,

trebling of the accounting and/or compensatory damages, punitive damages, attorney's fees and costs.

## JURISDICTION AND VENUE

1.      This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 U.S.C. §1051 et seq.), and copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a) - (b).

2.      Venue is proper, inter alia, pursuant to 28 U.S.C. §1391 because Defendants are located in this judicial district and, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiffs in this district.

3.      Personal jurisdiction exists over Defendants because on information and belief, Defendants are located and conduct business in New York and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendants do not offend traditional notions of fair play and due process.

## THE PARTIES

2.      Plaintiff CJ Products LLC, is a California limited liability company having a principal place of business at 4040 Calle Platino, Unit 123, Oceanside, CA 92056 ("CJ").

3.      Plaintiff Ontel Products Corporation is a New Jersey corporation, having a principal place of business at 21 Law Drive, Fairfield, NJ 07004 ("Ontel").

2

4.      Defendant SVG Global, Inc., is a New Jersey corporation, having a place of business at 672 South Gannon Avenue, Staten Island, NY 10314 ("SVG").

5.      Plaintiff is informed and believes that Defendant Ferruh Lermi ("Lermi"), is now and at the time of the filing of this Complaint and at all intervening times, an individual residing at 672 South Gannon Avenue, Staten Island, NY 10314.

6.      On information and belief, since its creation until the present and at all times relevant to this Complaint, Defendant SVG was under the de facto and sole control and served as the alter egos of Defendant Lermi, who is an officer, director, or board member of this entity.

7.      On information and belief, Defendants SVG and Lermi, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service, or employment. Defendant SVG and Defendant Lermi enriched themselves by fraudulent and illegal conduct as alleged herein, while Plaintiffs suffered enormous financial injury.

8.      Adherence to the fiction of the separate existence of Defendant SVG as an entity distinct from Defendant Lermi would permit an abuse of corporate privilege and would permit an injustice in that Defendant Lermi would succeed in avoiding legally incurred liabilities while maintaining the benefits of the corporate status.

9.      Plaintiffs are informed and believe that since the time of its creation, now, and all times relevant to this Complaint, there was such a unity of interest and ownership between Defendant SVG and its equitable owner Defendant Lermi, that separate personalities of the corporations and the shareholders did not and do not in reality exist.

3

10.     Plaintiffs informed and believe that adherence to the fiction of the separate existence of Defendant SVG as an entity distinct from Defendant Lermi and all of them, would permit an abuse of corporate privilege and would permit an injustice in that they would succeed in avoiding legally incurred liabilities while maintaining the benefits of the corporations.

## GENERAL ALLEGATIONS

### Plaintiff CJ and its Well-Known Gift and Toy Products

11.     Plaintiff CJ is a gift and toy company involved in, among other things, the development, production, sale, and distribution of gift and toy products. One of the main components of CJ's business encompasses the production, sale and distribution of its distinctive MY PILLOW PETS®, PILLOW PETS™ and MY PILLOW PETS ITS YOUR PILLOW AND A PET™, ITS A PILLOW PET® trademarks (cumulatively referred hereinafter as "Marks") that are applied to a combination of a stuffed animal and functional pillow product ("Product"). A sampling of the Products are shown in Exhibit A. The Products have achieved great success since their introduction in 2003.

12.     The success of the Product is due in part to CJ's marketing and promotional efforts, and the use of the highest quality materials and processes in making the Product. These efforts include advertising and promotion through CJ's websites, television publicity, print and other internet-based advertising, at least 500 authorized major retail outlets domestically and abroad, participation in over 200 trade shows annually, and celebrity charity functions, among other efforts. CJ has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Marks and Products. For example, CJ has spent over One Million Three Hundred and Fifty Thousand Dollars ($1,350,000.00) on media advertising from September 2009 to March 2010, over Thirty

4

Thousand Dollars ($30,000.00) on print advertising, and over Twenty-Five Thousand Dollars ($25,000.00) on internet advertising for the Products.

13.     The success of CJ s Products, and other related products and services is not due to CJ's promotional efforts alone. Rather, CJ owes a substantial amount of the success of the Products to its consumers, and word of mouth buzz consumers have generated. In fact, a wide array of newspapers, magazines and television networks has featured stories in which parents, children and prominent celebrities have enthusiastically described their love and enjoyment with the Products.

14.     Furthermore, CJ has won several family oriented consumer awards, such as the 2009 iParenting Media Excellent Product Award and the 2009 Dr. Toy Best Vacation Product Award, both of which have a substantial market following for credible and objective testing and reviewing.

15.     As a result of CJ's efforts, the quality of CJ's Products, promotions, and word of mouth buzz, have made its Marks, Products, and services prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with CJ's Marks and Products and services, and have come to recognize the Marks, Products, and services and associate them exclusively with CJ. CJ has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the Marks and Products are famous in the United States and are gradually gaining international recognition.

16.     In addition to the above, CJ also owns copyrights in and related to the Products. CJ's copyrights protect the various proprietary animal designs within the line of Products. The line is updated from time to time to add new animal designs.

5

17. While CJ has gained significant common law trademark and other rights in its Marks, Products and services through its use, advertising and promotion, CJ has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

18. For example, CJ owns the following U.S. trademark registrations for its Marks: U.S. Reg. Nos. 3762061 and 3762062 (attached hereto as Exhibit B).

19. CJ also owns several United States Copyright Registrations relating to its products. For example, CJ owns the following: Certificate of Registration numbers:

| | | | |
|---|---|---|---|
| VA001674376 | VA0001674366 | VA0001674373 | VA0001678146 |
| VA001674379 | VA0001678132 | VA0001674372 | VA001674368 |
| VA0001678130 | VA0001674374 | VA0001678138 | VA0001674377 |
| VA0001679223 | VA0001678144 | VA0001674371 | VA0001678140 |
| VA0001678142 | VA0001674364 | VA0001679221 | VA0001674365 |
| VA0001665417 | VA0001665418 | VA0001674375 | VA0002674370 |

as well as numerous common law copyrights. (cumulatively hereinafter referred as "Copyright Work") (collectively attached hereto as Exhibit C).

20. CJ has never authorized or consented to the use of its Marks or any confusingly similar marks by Defendants; nor has CJ authorized Defendants to manufacture, copy, sell, or distribute any Copyright Work.

**Plaintiff Ontel and its Exclusive License to Pillow Pets**

21. Plaintiff Ontel is a leading marketer of quality, innovative consumer products. Ontel promotes and sells its products through national direct response television commercials commonly called "As Seen On TV." Ontel also markets its products at the retail level by well-known retail and wholesale outlets such as Wal-Mart, Target Stores, Bed Bath & Beyond, CVS and Walgreens. Ontel also promotes and sells its products through its and its retail customers' websites on the Internet.

6

22.     Ontel is among the most well-known, well-respected sources of many of the most popular As Seen On TV products sold in the United States including recent successes such as TURBO SNAKE, IRON GYM, SWIVEL SWEEPER and SURE CLIP, among many other products.

23.     CJ recently granted Ontel the exclusive license to manufacture, market, advertise and promote, sell, offer for sale and distribute Products and in association therewith has granted Ontel an exclusive license to all related intellectual property (Marks and Copyright Works).

### Defendants' Wrongful and Infringing Conduct

24.     Particularly in light of the success of Plaintiffs and Plaintiffs' products as well as the reputation they have gained, Plaintiffs and their products have become targets for unscrupulous individuals and entities who wish to take a free ride on both the goodwill, reputation and fame Plaintiffs have built up in their products and Marks, and the works embodied in Plaintiff's Copyright Works.

25.     A large number of these individuals and entities deal in infringing products and services, including products related to Plaintiff's Mark and Copyright Works. Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing infringing and otherwise unauthorized products.

26.     Plaintiffs investigate and enforce against such activity and through such efforts learned of Defendants SVG and Lermi's advertising, marketing, sale and offer for sale of infringing products, nearly identical to CJ's Copyright Works.

27.     Plaintiffs purchased infringing products from Defendants on multiple occasions. A true and correct copy of photographs of some of the infringing products are attached hereto as Exhibit D.

7

28.     The products purchased from Defendants were inspected to determine authenticity. The inspection of the purchased items confirmed that the items Defendants sold and offered for sale were in fact infringing on CJ's Marks and Copyright Works.

29.     Defendants identify their infringing products by the names: PILLOW PETS (in signage and sales receipts) and CUDDLY PILLOW & PETS on tags and other promotional materials.   Defendants have even sought to register the trademark CUDDLY PILLOW & PETS along with CJ's identical copyrighted lady bug design shown below.



30.     By these sales — and, on information and belief, their other dealing in infringing product (including importing, advertising, displaying, distributing, selling and/or offering to sell infringing product) —Defendants violated Plaintiff's exclusive rights in its Marks and Copyright Works, and uses images and designs that are confusingly similar to, identical to, and/or constitute infringement of Plaintiffs intellectual property to confuse consumers and aid in the promotion and sales of its unauthorized product. Defendants' conduct and use began long after CJ's adoption and use of its Marks and Copyright Works, after CJ obtained the copyright and trademark registrations alleged above, and after CJ's Products and Marks became famous. Indeed, Defendants have knowledge of CJ's ownership of the Marks and Copyright Works, and of the fame in such, prior to the actions alleged herein, and adopted them in bad faith and with the intent to cause confusion and dilute CJ's Marks. Neither

Plaintiffs nor any authorized agents have consented to Defendants' use of CJ's intellectual property.

31.    Defendants' actions were committed in bad faith and with the intent to dilute CJ's Marks and Copyright Works, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of any Defendant, and/or Defendants' unauthorized goods. By its wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

32.    In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiffs: (i) infringed and diluted CJ's rights in the Marks; (ii) infringed CJ's Copyright Works; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) and unfairly profited from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

**FIRST CAUSE OF ACTION**

**(Infringement of Registered Trademarks)**

**115 U.S.C. §1114/Lanham Act §32(a)]**

33.    Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-32.

34.    CJ has continuously used its Marks in interstate commerce since at least as early as 2007.

9

35. CJ, as the owner of all right, title and interest in and to the Marks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. §1114.

36. Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered trademark holder of the Marks.

37. Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owner of the Marks to deal in and commercially distribute, market and sell Products and related products bearing CJ's Marks into the stream of commerce.

38. Defendants intentionally and knowingly used in commerce the reproductions, copies, and/ or colorable imitations of Plaintiff's Marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing related products bearing CJ's Marks.

39. Defendants reproduced, copied, and colorably imitated CJ's Marks and applied such reproductions, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed marks and related products bearing CJ's Marks.

40. Defendants' egregious and intentional use and sale of items bearing Plaintiff's trademarks has caused actual confusion and is likely to continue to cause further confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

41.     Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the Marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

42.     Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the Marks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiffs requests injunctive relief.

43.     Defendants' continued and knowing use of CJ's Marks without Plaintiffs' consent or authorization constitutes intentional infringement of CJ's federally registered trademarks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114. Based on such conduct, CJ is entitled to injunctive relief as well as monetary damages, and other remedies provided by § 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## SECOND CAUSE OF ACTION

### (Federal Copyright Infringement)

### [17 U.S.C. §501(a)]

44.     Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-32.

45.     Plaintiff is the exclusive owner of copyrights in and related to its Products and related products and possesses copyright registrations with the United States Copyright Office relating to the Copyright Works.

46.     Defendants have actual notice of Plaintiff's exclusive copyright rights in the designs.

11

47.     Defendants did not seek and failed to obtain Plaintiffs' consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiffs' copyright- protected Products.

48.     Without permission, Defendants intentionally and knowingly reproduced, copied, displayed, and/or manufactured Plaintiffs' protected works by offering, advertising, promoting, retailing, selling, and distributing related products which are at a minimum substantially similar to Plaintiffs' Copyright Works.

49.     Defendants' acts as alleged herein, constitute infringement of Plaintiffs' Copyright Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

50.     Defendants knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiffs and has and will continue to cause damage to Plaintiffs. Plaintiffs are therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

### (False Designation of Origin & Unfair Competition)

### [15 U.S.C. §1125(a)/Lanham Act §43(a)]

51.     Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-32.

52.     CJ, as the owner of all common law right, title, and interest in and to Marks, has standing to maintain an action for false designation of origin and unfair competition

12

under the Federal Trademark Statute, Lanham Act §43(a) (15 U.S.C. §1125. CJ's Marks are inherently distinctive and/or have acquired distinctiveness.

53.     Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to CJ's Marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

54.     Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of CJ's Marks.

55.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

56.     Defendants knew or by the exercise of reasonable care should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a reproduction of Plaintiffs' Marks would cause confusion, mistake, or deception among purchasers, users and the public.

57.     Defendants' egregious and intentional use and sale of items sold on or in connection with CJ's Marks unfairly competes with Plaintiff and is likely to cause confusion,

mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine Mark products or related products.

58. Defendants' continuing and knowing use of CJ's Mark constitutes false designation of origin and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

59. Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its Products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its Marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiffs seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

60. Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

**FOURTH CAUSE OF ACTION**

**(Dilution)**

**[15 U.S.C. §1125(c)]**

61. Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-32.

14

62.     CJ's Marks are distinctive and famous within the meaning of the Lanham Act.

63.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Marks. Defendants' conduct is willful, wanton and egregious.

64.     Defendants' intentional sale of items bearing Plaintiffs Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine Mark products. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiffs Marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs Marks, and injure the business reputation of Plaintiff and its Marks.

65.     Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

66.     As the acts alleged herein constitute a willful violation of §43(c) of the Lanham Act, 15 U.S.C. §1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

### FIFTH CAUSE OF ACTION

**(Violation of Deceptive Trade Practices Act - Gen. Bus. Law § 349)**

67.     Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-32.

68.     Defendants aforementioned conduct is false, misleading and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce and is misleading the public and injuring the good will and reputation of Plaintiffs in violation of N.Y. Gen, Bus. Law §§ 349.

## SIXTH CAUSE OF ACTION

### (False Advertising - N.Y. Gen. Bus. Law § 350)

69.     Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-32.

70.     By reason of the foregoing acts, Defendants have engaged in and are continuing to engage in acts which are misleading the public and injuring the good will and reputation of Plaintiffs in violation of N.Y. Gen, Bus. Law § 350.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition)

### [New York Common Law]

71.     Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-32.

72.     By marketing, advertising, promoting, selling and/or otherwise dealing in the infringing products, Defendants have engaged in unfair competition including unlawful,

16

unfair and fraudulent business practices in violation of the common law of the State of New York.

73.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in infringing products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public. Defendants' conduct was intended to cause such loss, damage and injury.

74.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the infringing products would cause confusion mistake or deception among purchasers, users and the public.

75.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in infringing products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiffs.

76.     Upon information and belief, the conduct of Defendants have been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

77.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of

17

Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiffs seeks an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

78.    Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Plaintiffs seek preliminary and permanent injunctive relief.

79.    Plaintiffs seeks exemplary or punitive damages for Defendants' intentional misconduct.

## EIGHTH CAUSE OF ACTION

### (Unjust Enrichment)

80.    Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-32.

81.    By virtue of the egregious and illegal acts of Defendants as described above, Defendant has been unjustly enriched in an amount to proven at trial.

82.    Defendants' retention of monies gained through its deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendant and would be contrary to the interests of justice.

WHEREFORE, Plaintiffs pray for judgment against Defendants, inclusive, and each of them, as follows:

A.    For an award of Defendants' profits and Plaintiffs' damages in an amount to be

18

proven at trial for trademark infringement under 15 U.S.C. §1114(a);

B.      For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

C.      For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

D.      For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

E.      In the alternative to actual damages and Defendants' profits for the infringement and unauthorized use of CJ's trademark pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election CJ will make prior to the rendering of final judgment;

F.      In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 USC §504(c), which election Plaintiffs will make prior to the rendering of final judgment;

G.      For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices.

H.      For damages to be proven at trial for common law unfair competition;

I.      For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any infringing product; the unauthorized use of any Mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; acts of copyright infringement; false

designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

J.      For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

K.      For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

L.      For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118 and 17 USC §503;

M.      For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of deceit engaged in by Defendants, under 15 U.S.C. §1117(b);

N.      For damages in an amount to be proven at trial for unjust enrichment.

O.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

P.      For Plaintiffs' reasonable attorney's fees;

Q.      For all costs of suit;

R.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury in this action.

Dated: 7/1/10

**EPSTEIN DRANGEL BAZERMAN & JAMES, LLP**

By:_____

Jason M. Drangel (JMD-7204)
Robert L. Epstein (RE8941)
William C. Wright (WCW 2213)
Attorneys for Plaintiff
60 East 42nd Street
Suite 820
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

# EXHIBIT A

Case 1:10-cv-03533-ENV -JO    Document 1    Filed 08/02/10    Page 23 of 56



**HOME**      **PRODUCTS**      **FUNDRAISING**      **ABOUT US**      **PRESS**      **CONTACT US**

# Pillow Pets™ Folding Stuffed Animals

Few things compare to the comfort and companionship of a Pillow Pet™ plush folding stuffed animal! These soft, cuddly creations combine the security of a stuffed animal with the functionality of a pillow. Made of high quality, super soft chenille, Pillow Pets™ plush folding stuffed animals make the most precious snuggle pals for you or your loved ones.



**Buy PillowPets™ Books**





**Alli Alligator**



**Mr. Bear**



**Icy Polar Bear**



**Buzzy Bumble Bee**



**Cuddly Bunny**



**Fluffy Bunny**



**Thumpy Bunny**



**Ms. Sassy Cat**

Case 1:10-cv-03533-ENV -JO   Document 1   Filed 08/02/10   Page 24 of 56



Cozy Cow          Fiery Dalmatian   Patriotic Pup     Snuggly Puppy

Squeaky Dolphin   Puffy Duck        Nutty Elephant    Friendly Frog

Jolly Giraffe     Hungry Hippo      Sir Horse         Ms. Lady Bug

Lovable Lamb      Cowardly Lion     Silly Monkey      Chocolate Moose

Comfy Panda       Perky Penguin     Wiggly Pig        Mr. Tiger

Tardy Turtle      Magical Unicorn   Splashy Whale     Zippity Zebra

Case 1:10-cv-03533-ENV -JO   Document 1   Filed 08/02/10   Page 25 of 56

 

**Bumble Bee with Book**    **Lady Bug with Book**

Home | Fundraising | About Us | Press | Contact Us | Privacy Policy

Site design by Perfect Synergy Marketing, Inc.

# EXHIBIT B

# United States of America
## United States Patent and Trademark Office

# MY PILLOW PETS

**Reg. No. 3,762,061**  JENNIFER TELFER (UNITED STATES INDIVIDUAL)
Registered Mar. 23, 2010   4556 MORRO BAY STREET
OCEANSIDE, CA 92057

**Int. Cl.: 28**  FOR: STUFFED AND PLUSH TOYS; STUFFED DOLLS AND ANIMALS; STUFFED TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

**TRADEMARK**  FIRST USE 1-0-2007; IN COMMERCE 1-0-2007.
**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PILLOW PETS", APART FROM THE MARK AS SHOWN.

SER. NO. 77-387,634, FILED 2-4-2008.

JOHN HWANG, EXAMINING ATTORNEY



David J. Kappos
Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



It's your Pillow and a Pet,    It's a Pillow Pet

**Reg. No. 3,762,062**
Registered Mar. 23, 2010

JENNIFER TELFER (UNITED STATES INDIVIDUAL)
4556 MORRO BAY STREET
OCEANSIDE, CA 92057

**Int. Cl.: 28**

FOR: STUFFED AND PLUSH TOYS; STUFFED DOLLS AND ANIMALS; STUFFED TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

**TRADEMARK**
**PRINCIPAL REGISTER**

FIRST USE 1-0-2007; IN COMMERCE 1-0-2007.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PILLOW PETS" AND THE PICTORIAL REPRESENTATION OF THE GOODS, APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS "MY PILLOW" IN PUFFY STYLIZED DESIGN TRIMMED IN BLACK, FOLLOWED BY A FANCIFUL COW IMAGE AND THEN THE WORD "PETS" ALSO IN PUFFY STYLIZED DESIGN TRIMMED IN BLACK. UNDER THE PUFFY TEXT AND COW IMAGE ARE THE WORDS IN MOSTLY LOWER CASE, "ITS YOUR PILLOW AND A PET, ITS A PILLOW PET".

SER. NO. 77-387,642, FILED 2-4-2008.

WILLIAM VERHOSEK, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT C

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

**VA 1-674-376**

Effective date of
registration:

July 2, 2009

---

## Title

Title of Work: BUNNY Pillow Pet

## Completion/Publication

Year of Completion: 2008

Date of 1st Publication: March 30, 2008    Nation of 1st Publication: United States

## Author

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

**VA 1-674-366**

Effective date of
registration:

July 2, 2009

---

## Title

Title of Work: DALMATION Pillow Pet

## Completion/ Publication

Year of Completion: 2009

Date of 1st Publication: May 30, 2009          Nation of 1st Publication: United States

## Author

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:
VA 1-674-373

Effective date of
registration:
July 2, 2009

Title ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Title of Work: DOG Pillow Pet

Completion/Publication ━━━━━━━━━━━━━━━━━━━━━

Year of Completion: 2004

Date of 1st Publication: November 30, 2004     Nation of 1st Publication: United States

Author ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

Copyright claimant ━━━━━━━━━━━━━━━━━━━━━━━━━━

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

Certification ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

VA 1-678-146

Effective date of
registration:
July 14, 2009

---

Title
          Title of Work: DOG Pillow Pet Blanket

Completion/Publication
          Year of Completion: 2009
          Date of 1st Publication: May 30, 2009          Nation of 1st Publication: United States

Author
          ■          Author: CJ Products, LLC
                   Author Created: sculpture/3-D artwork
          Work made for hire: Yes
          Domiciled in: United States

Copyright claimant
          Copyright Claimant: CJ Products, LLC
                   4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

Certification
                   Name: Philip J. Terry
                   Date: July 14, 2009
          Applicant's Tracking Number: 6196.0002

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**
VA 1-674-379

Effective date of registration:
July 2, 2009

---

## Title

Title of Work: Dolphin Pillow Pet

## Completion/ Publication

Year of Completion: 2008

Date of 1st Publication: March 30, 2008    Nation of 1st Publication: United States

## Author

■    Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**
VA 1-678-132

Effective date of registration:
July 14, 2009

---

**Title**

Title of Work: DUCK Pillow Pet Blanket

**Completion/Publication**

Year of Completion: 2009

Date of 1st Publication: May 30, 2009    Nation of 1st Publication: United States

**Author**

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

**Copyright claimant**

Copyright Claimant: CJ Products, LLC
4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

**Certification**

Name: Philip J. Terry

Date: July 14, 2009

Applicant's Tracking Number: 6196.0002

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**
VA 1-674-372

Effective date of
registration:
July 2, 2009

---

## Title

Title of Work: FROG Pillow Pet

## Completion/ Publication

Year of Completion: 2004

Date of 1st Publication: November 30, 2004      Nation of 1st Publication: United States

## Author

■ .        Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:
**VA 1-674-368**

Effective date of
registration:
July 2, 2009

---

## Title

Title of Work: HIPPO Pillow Pet

## Completion/Publication

Year of Completion: 2009

Date of 1st Publication: May 30, 2009    Nation of 1st Publication: United States

## Author

■    Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC.

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-678-130

**Effective date of registration:**

July 14, 2009

---

## Title

Title of Work: LADY BUG Pillow Pet Blanket

## Completion/Publication

Year of Completion: 2009

Date of 1st Publication: May 30, 2009   Nation of 1st Publication: United States

## Author

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC
4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: Philip J. Terry

Date: July 14, 2009

Applicant's Tracking Number: 6196.0002

---

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

VA 1-674-374

Effective date of
registration:

July 2, 2009

## Title

Title of Work: MONKEY Pillow Pet

## Completion/ Publication

Year of Completion: 2004

Date of 1st Publication: November 30, 2004     Nation of 1st Publication: United States

## Author

- Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

VA 1-678-138

Effective date of registration:

July 14, 2009

---

**Title**

Title of Work: MONKEY Pillow Pet Blanket

**Completion/Publication**

Year of Completion: 2009

Date of 1st Publication: May 30, 2009     Nation of 1st Publication: United States

**Author**

■     Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

**Copyright claimant**

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, Ca. 92056, United States

**Certification**

Name: Philip J. Terry

Date: July 14, 2009

Applicant's Tracking Number: 6196.0002

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**
VA 1-674-377

Effective date of
registration:
July 2, 2009

---

**Title**
Title of Work: MOOSE Pillow Pet

**Completion/ Publication**
Year of Completion: 2009
Date of 1st Publication: May 30, 2009          Nation of 1st Publication: United States

**Author**
■    Author: CJ Products, LLC
Author Created: sculpture/3-D artwork

Work made for hire: Yes
Domiciled in: United States

**Copyright claimant**
Copyright Claimant: CJ Products, LLC
4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

**Certification**
Name: /Philip J. Terry/
Date: July 2, 2009
Applicant's Tracking Number: 6196.0002

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

## VA 1-679-223

Effective date of
registration:

July 10, 2009

## Title

Title of Work: PANDA Pillow Pet

## Completion/Publication

Year of Completion: 2008

Date of 1st Publication: March 31, 2008       Nation of 1st Publication: United States

## Author

■    Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC
4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: Philip J. Terry

Date: July 10, 2009

Applicant's Tracking Number: 6196.0002

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

## VA 1-678-144

Effective date of
registration:

July 14, 2009

## Title

Title of Work: PANDA Pillow Pet Blanket

## Completion/ Publication

Year of Completion: 2009

Date of 1st Publication: May 30, 2009          Nation of 1st Publication: United States

## Author

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: Philip J. Terry

Date: July 14, 2009

Applicant's Tracking Number: 6196.0002

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

## VA 1-674-371

Effective date of
registration:
July 2, 2009

---

## Title

Title of Work: PENGUIN Pillow Pet

## Completion/Publication

Year of Completion: 2007

Date of 1st Publication: March 30, 2007      Nation of 1st Publication: United States

## Author

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America.

**Registration Number:**
VA 1-678-140

Effective date of registration:
July 14, 2009

---

## Title

Title of Work: PENGUIN Pillow Pet Blanket

## Completion/Publication

Year of Completion: 2009

Date of 1st Publication: May 30, 2009          Nation of 1st Publication: United States

## Author

◾          Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: Philip J. Terry

Date: July 14, 2009

Applicant's Tracking Number: 6196.0002

Page 1 of 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:
VA 1-678-142

Effective date of registration:
July 14, 2009

## Title

Title of Work: PIG Pillow Pet Blanket

## Completion/Publication

Year of Completion: 2009

Date of 1st Publication: May 30, 2009    Nation of 1st Publication: United States

## Author

■ Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: Philip J. Terry

Date: July 14, 2009

Applicant's Tracking Number: 6196.0002

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

## VA 1-674-364

Effective date of registration:

July 2, 2009

---

## Title

Title of Work: POLAR BEAR Pillow Pet

## Completion/ Publication

Year of Completion: 2009

Date of 1st Publication: May 30, 2009          Nation of 1st Publication: United States

## Author

　　　　　　Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002 .

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

## VA 1-679-221

Effective date of
registration:

July 10, 2009

## Title

Title of Work: TURTLE Pillow Pet

## Completion/Publication

Year of Completion: 2007

Date of 1st Publication: March 31, 2007　　　Nation of 1st Publication: United States

## Author

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 10, 2009

Applicant's Tracking Number: 6196.0002

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

**VA 1-674-365**

Effective date of registration:

July 2, 2009

---

## Title

Title of Work: UNICORN Pillow Pet

## Completion/ Publication

Year of Completion: 2009

Date of 1st Publication: May 30, 2009   Nation of 1st Publication: United States

## Author

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

---

Page 1 of 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

VA 1-665-417

Effective date of
registration:

March 17, 2009

## Title

Title of Work: Untitled (Bumblebee Pillow Pet)

## Completion/ Publication

Year of Completion: 2008

Date of 1st Publication: May 30, 2008    Nation of 1st Publication: United States

## Author

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4030 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: Philip J. Terry

Date: March 17, 2009

Applicant's Tracking Number: 6196.0002

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

## VA 1-665-418

Effective date of
registration:

March 17, 2009

## Title

Title of Work: Untitled (Bumblebee Pillow Pet)

Contents Titles: Untitled (Lady Bug Pillow Pet)

## Completion/Publication

Year of Completion: 2007

Date of 1st Publication: January 30, 2008    Nation of 1st Publication: United States

## Author

Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: March 17, 2009

Applicant's Tracking Number: 6196.0002

Page 1 of 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

**VA 1-674-375**

Effective date of registration:

July 2, 2009

## Title

Title of Work: WHALE Pillow Pet

## Completion/Publication

Year of Completion: 2009

Date of 1st Publication: May 30, 2009

Nation of 1st Publication: United States

## Author

■ Author: CJ Products, LLC

Author Created: sculpture/3-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: CJ Products, LLC

4040 Calle Platino, Suite 124, Oceanside, CA, 92056, United States

## Certification

Name: /Philip J. Terry/

Date: July 2, 2009

Applicant's Tracking Number: 6196.0002

# EXHIBIT D



CUDDLY
PILLOW PETS
GARDEN STATE PLAZA, NJ

06/24/2010  1:45PM   01
000000#1634     CLERK01

PILLOW PET          $25.00

ITEMS     10
CASH    $25. 00

NO REFUND EXCHANGE ONLY
IN SEVEN DAYS
WITH ORIGINAL RECEIPT







